M. MICHELIN & Co., Appellant, *v.* REGISTRAR OF PROPERTY OF GUAYAMA, Respondent.

No. 695. Submitted December 1, 1927.—Decided January 20, 1928.

*Dubón & Ochoteco* for the appellant. The registrar appeared by brief.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

M. Michelin & Co. brought an action of debt in the Municipal Court of San Juan against José Rodríguez, Pío Berríos and Alfonso Rodríguez. They moved for a *lis pendens* attachment and the court ordered the clerk to issue a writ of attachment addressed to the marshal of the Municipal Court of Cayey and directing him to attach sufficient property of the defendants to cover the amount claimed in the complaint. The following was added later: "And it is ordered also that the following property of defendant Pío Berríos be attached: (A description is given of three pieces

of rural property situated in Barranquitas.) The clerk of this court shall issue the corresponding writ addressed to the registrar of property of Guayama so that he may proceed to record the attachment on the aforesaid properties as ordered by this court."

The writ was issued accordingly and appended thereto were copies of the order and of the complaint, but the registrar refused to record the attachment—

"because in the present case the court before which it is pending· orders the marshal 'of the Municipal Court of Cayey to attach the properties described in the order and the issuance of the corresponding writ for the record of the attachment, but it does not appear from any of the documents presented that the said marshal had complied previously with the order of the court by levying an attachment on the said properties."

This administrative appeal has been taken by M. Michelin & Co.

As we are limited to the reason given by the registrar in his decision, we find no real solid ground for his refusal.

Section 9 of the Act of March 1, 1902, to secure the effectiveness of judgments, Comp. 1911, sec. 5241, in its pertinent part reads as follows:

"The attachment and order prohibiting the alienation of real property shall be recorded in the registry of property, the court notifying the defendant, . . . . "

The law does not require an attachment by the marshal before the registrar can take action.

In his brief the registrar says in part:

"As the purpose of the court in ordering a duplicate attachment is not at all clear and in trying to draw that conclusion ambiguity results in the terms of the order, we think that by giving it a reasonable, but not too liberal, construction and crediting the judge who issued it with the best intention for the protection of the rights of the plaintiff, without injury to those of the defendants, it should be understood as if the idea and the purpose of the court were that the marshal should first levy an attachment, giving thus an oppor-

tunity to that officer to test the liability of the properties described and enabling him at his discretion, in case they were insufficient, to make the attachment extensive to other properties."

The order is not susceptible of that construction. Attachment was first ordered of property belonging to all of the defendants in general, and then, as it appeared that one of them owned real property, an attachment thereof was ordered in compliance with the provisions of the special law in the matter. They are different means of securing the effectiveness of the judgment. The second is not subject to the first. The defendants might or might not have property liable to be attached by the marshal of the Municipal Court of Cayey. One of them, Berríos, owned real property and the marshal immediately proceeded to attach and hold it subject to the result of the action. That is all.

The decision appealed from is not well founded and must be reversed.